**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JOSHUA ALLEY, individually,<br>LAURA ALLEY, individually,<br>and as parents and next friends of their<br>children S.A. (a minor), I.A. (a minor),<br>and L.A. (a minor),<br><br>Plaintiffs,<br><br>v.<br><br>METHODIST LE BONHEUR<br>CHILDREN'S HOSPITAL, d/b/a<br>METHODIST LE BONHEUR<br>HEALTHCARE and ERIN WADE, M.D.,<br><br>Defendants. | No. 2:24-cv-02616-SHL-cgc |

**ORDER DENYING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES**

Before the Court are Defendants Methodist Le Bonheur Healthcare Erin Wade, M.D.'s Motions for Attorneys' Fees and Costs[1] under 42 U.S.C. § 1988, filed June 10, 2026 and June 11, 2026, respectively. (ECF No. 140; ECF No. 143.) Corresponding responses and replies have been filed. (ECF No. 147; ECF No. 148; ECF No. 154; ECF No. 155.)

For the reasons stated below, the motions are **DENIED**.

**BACKGROUND**

The background of this case was previously outlined, and a complete recitation is unnecessary here. (See ECF No. 136.) An abridged version follows instead.

[1] The Clerk of Court awarded costs in favor of Defendant Erin Wade, M.D., in the amount of $14,341.61, and Defendant Methodist Le Bonheur Children's Hospital d/b/a Methodist Le Bonheur Healthcare in the amount of $13,884.20. (ECF No. 158 at PageID 2906.)

Plaintiffs[2] filed an Amended Complaint alleging twelve claims against Defendants based on § 1983, various common law torts, and the Tennessee Healthcare Liability Act ("THLA"). (ECF No. 19 at PageID 234–48.) Defendants filed a joint Motion to Dismiss, which the Court granted in part, resulting in dismissal of Plaintiffs' § 1983 claims. (ECF No. 96.) Plaintiffs' THLA claim, negligence claims, and gross negligence claims remained. (ECF No. 96 at PageID 1301.) Defendants then filed separate Motions for Summary Judgment. (ECF No. 122; ECF No. 123.) Both motions were granted. (ECF No. 136.)

Defendants filed separate motions for attorneys' fees. (ECF No. 140; ECF No. 143.) Both Defendants request fees under 42 U.S.C. § 1988, based on the dismissal of Plaintiffs' § 1983 claims.[3] (See ECF No. 140 at PageID 2703-04; ECF No. 143 at PageID 2761-62.) Methodist seeks $36,118.85, and Dr. Wade seeks $22,549.50. (ECF No. 140 at PageID 2704; ECF No. 143 at PageID 2762.)

## ANALYSIS

A district court may, in its discretion, award a prevailing party reasonable attorneys' fees in an action to enforce a provision of 42 U.S.C. § 1983. See 42 U.S.C. § 1988(b). But "[a]n award of attorneys' fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." Jones v. Cont'l Corp., 789 F.2d 1225, 1232 (6th Cir. 1986). Under § 1988, "fees are routinely awarded to a prevailing plaintiff

[2] Plaintiffs are Mother, Laura Alley, Father, Joshua Alley, and their three minor children S.A., I.A., and L.A. (See ECF No. 136 at PageID 2681 n. 4.)

[3] Dr. Wade makes a passing reference to the possibility of attorneys' fees being recoverable under 34 U.S.C. § 20342. (ECF No. 143-1 at PageID 2767 n.1.) In the Order dismissing Plaintiffs' § 1983, the Court declined to consider Defendants' arguments under 34 U.S.C. § 20342. (ECF No. 96 at PageID 1290 n.7.) Similarly, here, the Court declines to award fees under 34 U.S.C. § 20342 for the same reasons it declines to award fees under 42 U.S.C. § 1988.

but are not so readily available to a prevailing defendant." Stark v. City of Memphis, No.: 2:19-cv-02396-JTF-tmp, 2021 WL 11747726, at *1 (W.D. Tenn. July 16, 2021) (citations omitted). A defendant who prevails on a § 1983 action "should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Wolfe v. Perry, 412 F.3d 707, 720 (6th Cir. 2005) (citation omitted). The purposes behind this heightened requirement is "to avoid chilling the initiation and prosecution of meritorious civil rights actions." Stark, 2021 WL 11747726, at *2.

Thus, to determine whether an award of reasonable attorneys' fees is proper, "inquiry into the plaintiffs' basis for bringing suit" is critical. Wolfe, 412 F.3d at 720 (citation omitted). Although it might be reasonable to think that "because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," it is important for "a district court [to] resist th[is] understandable temptation." Id. (citation omitted).

Specifically, fees are awardable to a defendant under § 1988 when: "(1) the defendant is a 'prevailing party'; (2) the plaintiff's action was frivolous, unreasonable, or without foundation; (3) the compensation sought is reasonable, as assessed by the lodestar method; and (4) there are any exceptional considerations requiring an upward or downward adjustment." Whiting v. City of Athens, No. 3:23-cv-221, 2024 WL 4279499, at *3 (E.D. Tenn. Sep. 24, 2024) (citation omitted).

Defendants here argue that they meet these requirements. (ECF No. 140 at PageID 2703–04; ECF No. 143 at PageID 2761–62.) In response, Plaintiffs argue (1) that their § 1983 claims were not frivolous, unreasonable, and without foundation because they had an arguable basis for pursuing these claims; and (2) the Court should take into account the relative position of the parties, and that an award of attorneys' fees would cause a severe hardship on Plaintiffs,

whereas Defendant Methodist has plenty of money and Defendant Wade is insured. (ECF No. 147 at PageID 2864–65; ECF No. 148 at PageID 2869–70.) In reply, Defendants assert that Plaintiffs have not shown that an award of fees would be excessive, unwarranted, or unjust, and that Plaintiffs' financial situation has no bearing on the award of attorneys' fees. (ECF No. 154 at PageID 2885–87; ECF No. 155.)

The analysis here rises and falls on the second factor. That is, whether Plaintiffs' § 1983 claims were frivolous, unreasonable, or without foundation. And, to be sure, the question is close. On the one hand, a simple research query should have alerted Plaintiffs' counsel that § 1983 claims against Defendants would be highly unlikely to survive a motion to dismiss. (See ECF No. 96 at PageID 1287 (citing Thomas v. Nationwide Child.'s Hosp., 882 F.3d 608, 612–14 (6th Cir. 2018)).) As explained in a prior Order, a prerequisite to § 1983 liability for private actors is a connection between the private actors and the state. (See id. at PageID 1286–87 (citing Marie v. Am. Red Cross, 771 F.3d 344, 362 (6th Cir. 2014) (explaining four tests under which a private actor can be liable under § 1983)).) Plaintiffs failed to plausibly allege this connection, and their § 1983 claims were dismissed on that basis. (Id. at PageID 1290.) To be clear, Plaintiffs' counsel, not the Plaintiffs themselves, bears the responsibility for this shortcoming.

On the other hand, "[a]n award of attorney's fees against a losing [plaintiff] in a civil rights action is an extreme sanction and must be limited to truly egregious cases of misconduct." Stark, 2021 WL 11747726, at *2 (citing Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir. 1986)). Indeed, courts are reluctant to award fees to a prevailing defendant under § 1988. When such an award is appropriate, it results from a party's initiation of an action based on "[m]ere speculation and intuition," Bowman v. City of Olmsted Falls, 802 F. App'x 971, 975 (6th

Cir. 2020), continuing to litigate a claim once it becomes completely groundless, Thomas v. Copeland, 758 F. App'x 377, 384 (6th Cir. 2018), or "misuse [of] the courts to challenge . . . matters resolved in previous cases." Smith v. Smythe-Cramer Co., 754 F.2d 180, 183 (6th Cir. 1985) (collecting cases). And an award of attorneys' fees under § 1988 is not appropriate "when issues of law remained unresolved or when a 'plaintiff ha[d] an arguable basis for pursuing his or her claim.'" Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 303 (6th Cir. 2008) (quoting Smythe-Cramer Co., 754 F.2d at 183–84).

Plaintiffs' § 1983 claims, although weak and ultimately dismissed early in the litigation, are unlike the types of claims where an award of attorneys' fees to a prevailing defendant is appropriate. Plaintiffs' claims were not premised upon speculation or intuition, completely groundless, or a means to challenge a previously settled matter. Instead, Plaintiffs pointed to facts connecting Dr. Wade and Methodist to the state of Tennessee. As it turns out, those allegations did not save Plaintiffs' § 1983 claims from dismissal under 12(b)(6). But just "because a plaintiff did not ultimately prevail" does not mean that an action is "unreasonable or without foundation." Wolfe, 412 F.3d at 720 (citation omitted).

Moreover, while controlling precedent informed this Court's decision to dismiss Plaintiffs' § 1983 claims, litigants are permitted to bring cases that challenge existing law. Accord Fed. R. Civ. P. 11(b)(2) (pleadings, written motions, or other papers certify that "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"). Were it otherwise, plaintiffs would have to foot the other side's bill whenever they advocated for a change in the law and lost, an untenable situation. For these reasons, an award of attorneys' fees is inappropriate here.

However, Plaintiffs' counsel should take note that the attorneys' fees question is close. Counsel is further reminded that, in other cases, when "th[e] Court [found] fault more with the lawyers than Plaintiffs themselves," fees were awarded as a sanction against counsel based on statutes other than § 1988. See Williams v. Shelby Cnty. Sch. Sys., No. 2:17-cv-02284-TLP-cgc, 2019 WL 490354, at *3 (W.D. Tenn. Fe. 7, 2019) (requiring counsel for plaintiffs to pay attorneys' fees under 28 U.S.C. § 1927, rather than § 1988).

## CONCLUSION

Based on the foregoing, an award of attorneys' fees would be inappropriate in this case. Therefore, Defendants' Motions are **DENIED**.

**IT IS SO ORDERED**, this 19th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE